Thomas R. Kayes*
Rosalind Dillon*
THE CIVIL RIGHTS GROUP, LLC
2045 W Grand Ave, Ste B, PMB 62448
Chicago, IL 60612
tel: 708.722.2241
tom@civilrightsgroup.com
roz@civilrightsgroup.com

*Attorneys for Plaintiff*

*PHV Applications Forthcoming

| | |
|---|---|
| NICOLE FURNAS, | Case No. |
| Plaintiff, | **COMPLAINT AND JURY DEMAND** |
| vs. | |
| TIERRA LUNA AND SOL ENTERPRISES, LLC; TRANSPACIFIC ASSET MANAGEMENT, LLC; and SANTOS, | |
| Defendants. | |

## Introduction

1. This is a housing harassment case. Tierra Luna and Sol, LLC owns the Tierra Sol Apartments in Tucson. Transpacific Asset Management, LLC manages the property. Tierra and Transpacific rented an apartment there to Nicole Furnas. As the lease term neared its end without a renewal offer, Furnas became afraid that

COMPLAINT AND JURY DEMAND - 1

Tierra and Transpacific would not renew her lease and that she would be unable to find another affordable home. She worried she could become homeless.

2. That was when Furnas met Santos, a maintenance worker employed by Tierra and Transpacific that the companies sent to Furnas's home to fix the air conditioning. After learning about Furnas's fear of homelessness, Santos said he would have her lease renewed if she performed oral sex on him. Feeling she had no other way to avoid losing her home, Furnas did so. But Santos did not make good his promise and Furnas was forced to leave her home. She now sues to recover for her injuries.

## Jurisdiction & Venue

3. This court has subject-matter jurisdiction over this case under 28 U.S.C. § 1331 because of Furnas's federal Fair Housing Act claim.

4. This court has subject-matter jurisdiction over Furnas's remaining claims under 28 U.S.C. § 1367 because they arise from the same facts as her federal claim.

5. Venue is proper in this judicial district because the relevant events occurred in Pima County.

## Parties

6. Plaintiff Nicole Furnas is a person living in Tucson, Arizona.

7. Defendant Santos is a who, at the relevant time, was an agent of Tierra and Transpacific working at the Tierra Sol Apartments in Tucson as a maintenance worker. Furnas does not yet know Santos's last name.

8. Defendant Tierra Luna and Sol, LLC is an Arizona limited-liability company.

9. Defendant Transpacific Asset Management, LLC is an Arizona limited-liability company.

**Allegations**

*Tierra Sol Apartments*

10. Tierra owns the Tierra Sol Apartments, located at 7450 East 22nd Street in Tucson, Arizona.

11. Transpacific manages the Tierra Sol Apartments.

12. Santos was, at the relevant time, an agent of Tierra and Transpacific in his role as a maintenance worker for the Tierra Sol Apartments.

*Nicole Furnas*

13. Nicole Furnas is a woman living on her own in Tucson, Arizona.

14. Finding a home that she could afford on her own was incredibly difficult due to her financial circumstances and other factors.

15. Furnas overcame those difficulties in July 2022, when she leased a unit at the Tierra Sol Apartments.

COMPLAINT AND JURY DEMAND - 3

16. As her lease was coming to an end, Furnas was eager to renew it.

17. Given the challenges she'd faced finding her Tierra Sol unit, she knew that, if she left, she might not be able to find a new home she could afford.

18. As the end of her lease approached with no renewal offer, Furnas became increasingly afraid that Tierra and Transpacific would not renew her lease and that she would become homeless.

*Santos Assaults Furnas*

19. It was then that she encountered a maintenance worker for the Tierra Sol Apartments named Santos.

20. Santos came to Furnas's unit on August 17, 2023, to repair Furnas's air conditioning.

21. Furnas had seen Santos before, working around the property during her tenancy but had never spoken to him until he entered her unit.

22. While Santos worked, Furnas told him that her air conditioning had not been working for a while and that she found it strange that the company had sent him to fix it just before she was likely to have to leave.

23. Furnas explained to Santos that she wanted to stay, but that the company appeared unwilling to renew her lease.

24. Santos, leveraging his position and apparent authority as an agent of Furnas's landlord, told Furnas that he could get her lease renewed.

COMPLAINT AND JURY DEMAND - 4

25. Santos told Furnas, "If you scratch my back, I'll scratch yours," and offered a quid pro quo: He would have Furnas's lease renewed if Furnas performed oral sex on him.

26. Furnas did not want to perform oral sex on Santos.

27. Furnas did not know Santos and was not attracted to him.

28. It was also 107 degrees in Tucson that day, and Santos had been working hard in Furnas's unairconditioned apartment.

29. But Furnas knew that Santos worked for the property because she had seen him around, and so she trusted that he had the power to get her lease renewed.

30. Desperate to avoid homelessness, Furnas agreed to Santos's quid pro quo.

31. Santos entered Furnas's bedroom, pulled up his shirt, pulled down his pants, and received oral sex from Furnas.

32. Santos then left, telling Furnas that he would get her a new lease.

33. Santos did not get Furnas a lease renewal for her Tierra Sol unit.

34. Furnas soon realized that Santos had taken advantage of her, and feelings of humiliation and shame overcame her.

35. Furnas left the property in the beginning of September 2023.

36. Santos's harassment caused Furnas to suffer mental and emotional pain and suffering giving rise to bodily injury that continues to this day.

COMPLAINT AND JURY DEMAND - 5

**Claims for Relief**

<u>Count 1</u> – Federal Fair Housing Act

Furnas against Santos, Tierra Sol, and Transpacific

37. Furnas incorporates all other allegations here.

38. Defendants injured Furnas by committing discriminatory housing practices in violation of the federal Fair Housing Act, including:

    a. Quid pro sexual harassment, 24 C.F.R. § 100.600(a)(1);

    b. Hostile environment sexual harassment, 24 C.F.R. § 100.600(a)(2).

39. Furnas is therefore entitled to compensatory damages, punitive damages, declaratory relief, attorneys' fees and costs.

40. Each Defendant is directly liable or vicariously liable for all the discriminatory housing practices under 24 C.F.R. § 100.7

<u>Count 2</u> – Arizona Fair Housing Act

Furnas against Santos, Tierra Sol, and Transpacific

41. Furnas incorporates all other allegations here.

42. Defendants injured Furnas by committing discriminatory housing practices in violation of the Arizona Fair Housing Act, Ariz. Rev. Stat. § 41-1491.1; Ariz. Rev. Stat. § 41-1491.15.

43. Furnas is therefore entitled to compensatory damages, punitive damages, declaratory relief, attorneys' fees and costs.

44. Each Defendant is directly liable or vicariously liable for all the discriminatory housing practices.

<u>Count 3</u> – Negligence

Furnas against Tierra Sol and Transpacific

45. Furnas incorporates all other allegations here.

46. Each Defendant other than Santos owed Furnas a duty to train and supervise Santos so as to prevent Santos from sexually harassing Furnas.

47. Each Defendant other than Santos breached that duty/those duties, causing Santos's harassment of Furnas.

48. The breach/breaches therefore injured Furnas.

49. Furnas is therefore entitled to compensatory and punitive damages.

<u>Count 4</u> – Assault

Furnas against Santos, Tierra Sol, and Transpacific

50. Furnas incorporates all other allegations here.

51. Santos put Furnas in imminent fear of an offensive, unreasonable, unconsented, and unpermitted touching.

52. Each Defendant is directly liable or vicariously liable for that conduct.

53. That conduct injured Furnas.

54. Furnas is therefore entitled to compensatory and punitive damages.

<u>Count 5 – Battery</u>

Furnas against Santos, Tierra Sol, and Transpacific

55. Furnas incorporates all other allegations here.

56. Santos battered Furnas by making offensive and harmful contact with her, he intended to do so, and she did not consent nor was the contact permitted.

57. Each Defendant is directly liable or vicariously liable for that conduct.

58. That conduct injured Furnas.

59. Furnas is therefore entitled to compensatory and punitive damages.

//

//

**Prayer for Relief**

60. Furnas prays for a judgment with the following relief:

    a. Compensatory damages,

    b. Punitive damages,

    c. Attorneys' fees and costs,

    d. Pre- and post- judgment interest,

    e. Declaratory relief, and

    f. All other relief that the court finds just.

Dated: November 20, 2023

Respectfully submitted,

/s/ Thomas R. Kayes

Thomas R. Kayes
THE CIVIL RIGHTS GROUP, LLC
2045 W Grand Ave, Ste B, PMB 62448
Chicago, IL 60612
t. 708.722.2241
tom@civilrightsgroup.com
www.civilrightsgroup.com

Attorneys for Plaintiff

COMPLAINT AND JURY DEMAND - 9

**Demand for Jury Trial**

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all issues.

Dated: November 20, 2023

Respectfully submitted,

/s/ Thomas R. Kayes

Thomas R. Kayes
THE CIVIL RIGHTS GROUP, LLC
2045 W Grand Ave, Ste B, PMB 62448
Chicago, IL 60612
t. 708.722.2241
tom@civilrightsgroup.com
www.civilrightsgroup.com

Attorneys for Plaintiff