**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicole Furnas,<br>       Plaintiff,<br>v.<br>Tierra Luna and Sol Enterprises, LLC; et al.,<br>       Defendants. | CV 23-00529-TUC-RM (MAA)<br><br>**ORDER** |

Pending before the court is the defendants' Motion to Permit Third Party Subpoena, filed on July 18, 2025. Doc. 64. The plaintiff filed a response on August 1, 2025. Doc. 65. The defendants filed a reply on August 11, 2025. Doc. 72.

Background

The plaintiff in this action, Nicole Furnas, lived in one of the defendants' apartments. Doc. 64. "[A]s her lease was coming to an end in August 2023, Tierra Sol appeared unwilling to agree to a renewal, and she became afraid that she would become homeless." Doc. 64, p. 2. Furnas alleges that "a maintenance worker named 'Santos,' [whom] she also named as a defendant, offered to get her lease renewed in exchange for oral sex." *Id*. Furnas's lease was not renewed, and she was forced to find other accommodations. *Id*. "Santos" was terminated on October 4, 2023. *Id*.

The defendants seek to determine "the extent of Plaintiff's communications with 'Santos' and with other undetermined Tierra Sol and Transpacific employees with whom Plaintiff is

believed to have had a personal relationship." Doc. 64, p. 2. They intend to subpoena Furnas's phone records "beginning January 1, 2023 and ending on October 31, 2023, to capture any communications leading up to or following 'Santos'' termination." *Id*. The defendants seek a record of all the numbers called by Furnas during the relevant period. *Id*. "[T]he subpoena does not request the content of Plaintiff's conversations." *Id*.

When the parties conferred earlier, Furnas initially agreed to provide a record of all calls and texts between herself and "Santos." Doc. 65, p. 3. She proposed, however, to redact everything but the last four digits of all other numbers due to privacy concerns. *Id*.

When the defendants expressed their interest in calls made to another, as yet unidentified, employee, Furnas suggested that the defendants supply her with the phone numbers of all other employees who worked at the apartment complex during the relevant time period, and she would leave unredacted a record of all calls and texts made to those numbers. Doc. 65, p. 3. The defendants found this proposal unsatisfactory because the unknown employee might "have been using an undisclosed phone number." *Id*. Assuming this is the case, the defendants do not explain how they intend to determine which phone number is associated with this unknown employee and whether their method of determination would reveal the identity of all other numbers that Furnas might have called.

Furnas asserts that pursuant to Fed.R.Civ.P. 45(d)(3)(A)(iii) this court should quash the defendants' proposed subpoena because it "requires disclosure of privileged or other protected matter, [and] no exception or waiver applies." Doc. 65, p. 3. The court decides as a preliminary matter that "a person has a privacy interest in [her] cell phone records." *Mountains of Spices LLC v. Lafrenz*, 2023 WL 2716645, at *3 (D. Ariz. Mar. 30, 2023). Furnas therefore has standing to seek to quash this third-party subpoena. *Roe v. Puig*, 2021 WL 6102509, at *1 (C.D. Cal. Sept. 24, 2021); *see* Wright & Miller, Fed. Prac. & Proc. Civ. 3d § 2459 (A party has standing to quash a subpoena directed toward a non-party only if the party claims "some personal right or privilege with regard to the documents sought.").

The defendants argue to the contrary that Furnas has no "expectation of privacy" in numbers that she voluntarily conveyed to the phone company citing *Smith v. Maryland*, 442 U.S. 735, 743-44 (1979) and progeny. Doc. 64, p. 3; Doc. 72, p. 2. *Smith*, however, is distinguishable because that case analyzed the concept of "expectation of privacy" in relation to an alleged Fourth Amendment violation and not in relation to the scope of discovery permitted under the Federal Rules of Civil Procedure. *See Syposs v. United States*, 181 F.R.D. 224, 227 (W.D.N.Y. 1998) ("While *Smith* held that a person may not have a reasonable expectation of privacy to avoid the need for a warrant under the Fourth Amendment . . . , *Smith* did not hold that there is no interest in the confidentiality of such records which may be protected against unregulated disclosure in response to civil discovery requests.").

Furnas argues first that the defendants' proposed subpoena exceeds the scope of Rule 26(b)(1). She concedes that the records of her communications with "Santos" might be relevant, but she questions how a record of her communications with another as yet undetermined Transpacific employee with whom she "is *believed* to have had a personal relationship" would be relevant. Doc. 65, p. 6 (emphasis in original).

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

On the issue of relevancy, the defendants explain that "[t]he presence or absence of calls and texts to Tierra Sol personnel make Plaintiff's claims regarding her living situation and the nature of her encounter with defendant 'Santos' more or less probable and identify Tierra Sol personnel that might have information regarding those claims." Doc. 64, p. 5. In their reply brief, they assert more specifically that they "have been told by individuals that Plaintiff worked as an escort and engaged in exchanges with other maintenance employees." Doc. 72, p. 3. They

1  maintain that "the allegations as asserted by Ms. Furnas are inaccurate because the exchange
2  with 'Santos' was for cash, not a lease, and she engaged in these kinds of transactions with other
3  maintenance employees at the property." Doc. 72, p. 3.

4      It is possible that this line of inquiry will ultimately prove fruitful, but the court is not
5  convinced that success is likely. Even if the defendants uncover evidence of Furnas's past
6  sexual behavior, that information would not necessarily be germane to her allegations against
7  "Santos." *See also* Fed.R.Evid. 412(b)(2) (allowing the admission of "evidence offered to prove
8  a victim's sexual behavior or sexual predisposition if its probative value *substantially* outweighs
9  the danger of harm to any victim and of unfair prejudice to any party.") (emphasis added). On
10 the other hand, it seems probable that the number of calls Furnas made to Tierra Sol personnel
11 is a small subset of her total calls. So disclosure of only that subset of calls should limit the
12 harm to Furnas's privacy interests while still affording the defendants an opportunity to gather
13 possibly relevant information.

14     The court finds that the "likely benefit" of the defendant's proposed discovery outweighs
15 Furnas's privacy interest in her phone/text records but only for those phone/text records that
16 relate to "Santos" or their other employees. Fed. R. Civ. P. 26(b)(1). The court therefore will
17 limit the defendants' access to only those phone/text records.

18

19     IT IS ORDERED that the defendants' Motion to Permit Third Party Subpoena, filed on
20 July 18, 2025, is GRANTED IN PART. Doc. 64. Defendants shall, by September 29, 2025,
21 subpoena Furnas's phone/text records beginning January 1, 2023, and ending on October 31,
22 2023, and instruct the provider to send the records directly to the court marked for the attention
23 of Magistrate Judge Michael A. Ambri, Evo A. DeConcini United States Courthouse, 405 W.
24 Congress Street, Suite 3170, Tucson, AZ, 85701, or ambri_chambers@azd.uscourts.gov. The
25 defendants shall at the same time provide the plaintiff with a list of all phone/text numbers
26 associated with "Santos" and the defendants' other employees who worked at Furnas's
27 apartment complex during the relevant time period. When the records arrive at the court, the
28

parties will be notified and will receive instructions for plaintiff to retrieve the records for redaction and delivery to the defendants.

DATED this 10th day of September, 2025.

_____
Honorable Michael A. Ambri
United States Magistrate Judge