**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Nicole Furnas,                                    )
                                                  )          CV 23-00529-TUC-RM (MAA)
              Plaintiff,                           )
                                                  )
v.                                                )
                                                  )
Tierra Luna and Sol Enterprises, LLC; et al.,     )          **ORDER**
                                                  )
              Defendants.                          )
                                                  )
_____)

Pending before the court is a motion for protective order filed by the corporate defendants ("the defendants") on November 25, 2025.  Doc. 90.  The plaintiff filed a response on December 10, 2025.  Doc. 94. The defendants filed a reply on January 14, 2026.  Doc. 103.

Background

The plaintiff in this action, Nicole Furnas, lived in one of the defendants' apartments.  Complaint, Doc. 1, p. 1.  "As the lease term neared its end without a renewal offer, Furnas became afraid that [the defendants] would not renew her lease . . . ."  Doc. 1, pp 1-2.  One of the defendants' maintenance workers, the individual defendant since identified as Jesus Santos Caceres, "said he would have her lease renewed if she performed oral sex on him."  Doc. 1, p. 2; Doc. 93, p. 3. "Feeling she had no other way to avoid losing her home, Furnas did so."  Doc. 1, p. 2.

On November 20, 2023, Furnas filed a Complaint in this court claiming (1) sexual harassment in violation of the Federal Fair Housing Act, (2) discriminatory housing practices

in violation of the Arizona Fair Housing Act, (3) negligence for failing to train and supervise, (4) assault, and (5) battery.  Complaint, Doc. 1.

In the pending motion, the corporate defendants seek a protective order to "limit the discovery requests and deposition questions by Plaintiff to topics and information that are relevant to what is asserted in this case."  Doc. 90, p. 2.

"Rule 26(c) [of the Fed.R.Civ.P.] authorizes the district court to issue any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211–12 (9th Cir. 2002) (punctuation modified).  "The Supreme Court has interpreted this language as conferring broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Id*.

Discussion

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

The defendants assert first that "[a]t each deposition, Plaintiff has dedicated a sizeable portion of the deposition to questions regarding the decision to renew a lease, who makes the decision, how a tenant would be notified of that lease."  Doc. 90, p. 4.  They argue this information is irrelevant.

In her response, Furnas argues that "[t]he circumstances leading up to and surrounding Plaintiff's non-renewal, as well as her subsequent attempts to get her lease renewed are critical to understanding Plaintiff's frame of mind when she accepted Caceres' quid pro quo." Doc. 94,

p. 5. Moreover, "[t]he details of her non-renewal also provide insight into why she reasonably believed that Caceres, a maintenance worker, could help her get her lease renewed." *Id*.

The court agrees that "Plaintiff's frame of mind when she accepted Caceres' quid pro quo" is important. Doc. 94, p. 5. If she subjectively believed that Caceres could help her, her version of events becomes more likely. The fact that Furnas received a non-renewal notice is relevant. What she believed about the renewal process and Caceres's ability to influence that process is relevant. The defendants' actual lease renewal policies and procedures, however, are irrelevant unless Furnas was aware of them. The true reason for the Furnas's non-renewal is irrelevant unless she knew what it was.

Furnas argues that the defendants' inability to give a straight answer about how leases are renewed is evidence relevant to her negligence claim. The court is not convinced. The defendants' alleged failure to articulate a clear policy about how leases are renewed is not particularly strong evidence that they breached the standard of care related to the supervision and training of their maintenance workers.

The defendants further argue that Furnas "seeks irrelevant information regarding property conditions." Doc. 90, p. 4. They maintain that code violations and complaints about the maintenance of property are irrelevant. They assert that "[w]hether or not Nicole Furnas's air conditioner unit was fixed in a timely manner is not a claim in this case." Doc. 90, p. 5. The court finds that under some circumstances, the maintenance of the property could be relevant.

Furnas claims, among other things, that Caceres performed air conditioning repair and the defendants' supervision of him was negligent. Evidence that the defendants did not timely respond to their tenant's air conditioning complaints could be evidence that the defendants did not properly supervise their air conditioning maintenance workers and ensure they were working faithfully. On the other hand, it could be evidence that the defendants were strapped for cash and were unable to hire enough workers to timely respond to their tenants' complaints. Air conditioning complaints could be relevant, but the court cannot say for sure at this point.

The defendants further argue that Furnas "seeks irrelevant information related to her security deposit and rent amount." Doc. 90, p. 5. They assert that "Plaintiff takes lines and lines [of] questioning in depositions to ask who decides how much a deposit should be, who decides if it is returned, who does the walkthrough of the unit upon move-out, how a security deposit is paid, and who decides how much rent should be for a unit." *Id*. The defendants further argue that Furnas has spent an unreasonable amount of time establishing that Furnas does not appear in the rent rolls and tenant listings and is not listed in the defendants' online system. Doc. 90, p. 6. The court cannot see how any of those issues would be relevant to Furnas's claims.

The defendants also seek their costs and fees pursuant to Fed. R. Civ. P. 37(a)(5). Doc. 90, p. 9.

When a party files a motion to compel, Rule 37(a)(5)(A) instructs the court to make the party "whose conduct necessitated the motion" pay the movant's reasonable expenses if the motion is granted. Fed.R.Civ.P. Here, however, the court grants the motion in part. If that happens, Rule 37(a)(5)(C) explains that the court "may . . . apportion the reasonable expenses for the motion." The court finds that each party should pay their own costs and fees for the motion.

IT IS ORDERED that the motion for protective order filed by the corporate defendants on November 25, 2025 is Granted-in-Part. Doc. 90. The parties should continue to conduct their discovery in accordance with this order.

DATED this 14th day of January, 2026.

Honorable Michael A. Ambri
United States Magistrate Judge

- 4 -