**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Nicole Furnas, | ) | |
| | ) | CV 23-00529-TUC-RM (MAA) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Tierra Luna and Sol Enterprises, LLC; et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Pending before the court is the plaintiff's motion, filed on March 13, 2026, to compel discovery and for an order permitting a deposition after the discovery deadline. Doc. 112. The corporate defendants ("the defendants") filed a response on March 30, 2026. Doc. 114. The plaintiff filed a reply on April 6, 2025. Doc. 117.

Background

The plaintiff in this action, Nicole Furnas, lived in one of the defendants' apartments. Complaint, Doc. 1, p. 1. "As the lease term neared its end without a renewal offer, Furnas became afraid that [the defendants] would not renew her lease . . . ." Doc. 1, pp 1-2. One of the defendants' maintenance workers, the individual defendant since identified as Jesus Santos Caceres, "said he would have her lease renewed if she performed oral sex on him." Doc. 1, p. 2; Doc. 93, p. 3. "Feeling she had no other way to avoid losing her home, Furnas did so." Doc. 1, p. 2. "[Caceres] did not make good on his promise and Furnas was forced to leave her home."

Doc. 1, p. 2.

On November 20, 2023, Furnas filed a Complaint in this court against the corporate defendants ("the defendants") and Caceres claiming (1) sexual harassment in violation of the Federal Fair Housing Act, (2) discriminatory housing practices in violation of the Arizona Fair Housing Act, (3) negligence for failing to train and supervise, (4) assault, and (5) battery. Doc. 1.

In the pending motion, Furnas moves pursuant to Fed.R.Civ.P. 37 that the court compel the defendants to respond to her Interrogatories Nos. 3 and 25 and comply with her Requests for Production Nos. 19 and 22. Doc. 112, pp. 7, 11. She further moves that this court permit her to depose a witness, Juanita Miller, after the discovery cut-off deadline. Doc. 112, p. 3. The court grants the motion in part.

Discussion

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"The Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Militante v. Banner Health*, No. CV-22-0352-PHX-DWL (JFM), 2023 WL 12073895, at *2 (D. Ariz. Dec. 20, 2023). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Id*.

Interrogatories 3 and 25

Furnas moves pursuant to Fed.R.Civ.P. 37 that the court compel the defendants to respond to her Interrogatories Nos. 3 and 25.  Doc. 112, pp. 7, 11.

Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii):  "A party seeking discovery may move for an order compelling an answer . . . if . . .  a party fails to answer an interrogatory submitted under Rule 33 . . . ."

On March 1, 2024 and April 21, 2025, the plaintiff submitted Interrogatory 3, which reads as follows:

> Please identify by name, current or last known mailing address, phone number, email address, and job title, each employee or agent who has had any role in the management, maintenance, or operation of Tierra Sol Apartments in the last five years. This includes those involved in advertising, leasing, tenant interaction, maintenance, evictions, and so on.

Doc. 112, p. 8.  The defendants responded as follows:

> Objection. This Interrogatory is overly broad, unduly burdensome, vague as to "any role" and "and so on", requests information outside the scope and time of allegations raised in this matter, goes beyond what is needed to address the claims and defenses at issue, and it is not likely to assist in the resolution of this case. Without waiving these objections: Kristen Law/Gutierrez – Property Manager at Tierra Luna. Any contact with these individuals is to be through counsel.

Doc. 112, p. 8.  "After an initial meet and confer meeting," the defendants disclosed three additional employees who worked at Tierra Luna when Furnas was a tenant.  Doc. 112, p. 8. The defendants later stated that they would disclose "employees from Tierra Luna for 2020-2023," which appears to bracket Caceres's period of employment.  Doc. 112, pp. 8, 9.  Furnas asserts that the defendants failed to make this promised disclosure.  Doc. 112, p. 9.

On January 13, 2026, Furnas served the defendants with Interrogatory No. 25, which reads as follows:

> Please provide the name, job title, dates of employment, and last known contact information for all Transpacific Asset Management employees who worked at Tierra Luna, Wilmot, or Georgetown apartments at any time between June 2020 and November 2023.

Doc. 112, p. 9.  Furnas maintains that Caceres worked at the Tierra Luna, Wilmot, and Georgetown apartments during this period.  Doc. 112, p. 9.

The defendants' response reads as follows:

- 3 -

Objection. This is a redundant request that has been addressed numerous times. Plaintiff's repetitive requests for information already sought and/or obtained through prior requests is an abuse of the discovery process and a violation of the Court's Protective Orders. All appropriate employees who are not protected by the Ethical Rules have been previously identified in Disclosure Statements produced to date and in responses and supplemental responses to Non-Uniform Interrogatories numbers 3, 13, 14, 15 and 18.

Doc. 112, p. 9.  During the subsequent "meet and confer" of March 2026, Furnas explained that the "the request was not redundant since she had not previously requested any information for employees that worked at Wilmot or Georgetown nor had she previously requested the dates of employment for employees who worked at Tierra Luna."  Doc. 112, p. 10.

In the pending motion, Furnas argues that the discovery she seeks will help her prove that the defendants "either knew or should have known about Caceres' sexual harassment of female tenants and employees."  Doc. 112, p. 10.  She explains that a former maintenance employee, Kevin Mills, "testified at his deposition that he personally witnessed Caceres sexually harass a number of female property managers."  Doc.112, p. 10.  In addition, she explains that she "has identified two former female tenants who allege that they were sexually assaulted and/or sexually harassed by Caceres, but they have been unable to recall the first and last names of the property managers they complained to about Caceres' conduct."  *Id*.

The defendants argue generally that they have already provided considerable discovery. Doc. 114, p. 3.  They explain that they have already disclosed the names of "more than 100 Transpacific employees."  Doc. 114, p.7.  They characterize Furnas's motion as a "fishing expedition."  *Id*.

The court concludes that Furnas is entitled under Rule 1 and Rule 26(b)(1) to limited discovery in an effort to follow up on the allegations made by Kevin Mills and the "two former female tenants."  Doc. 112, p. 10.  The court will order the defendants to disclose the names and contact information for those property managers who worked between 2020 and 2023 at the same properties where  Caceres worked and for those property managers who worked between 2020 and 2023 at the same properties where the two former female tenants lived.

Requests for Production 19 and 22

Furnas moves pursuant to Fed.R.Civ.P. 37 that the court order the defendants to comply with her Requests for Production Nos. 19 and 22.  Doc. 112, pp. 7, 11.

Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv):  "A party seeking discovery may move for an order compelling . . . production . . . if . . .  a party fails to produce documents . . . as requested under Rule 34."

Furnas served the defendants with Request for Production 19 on September 16, 2025. Doc. 112, p. 11.  The Request reads as follows:

> Please produce all written communications, including emails, text messages, and letters, that included John Yang and Jesus Caceres.

*Id.*

Furnas's apartment was managed by the defendant Transpacific Asset Management LLC, which is a single-member LLC "owned by Angela Chiang and managed by her husband, John Yang."  Doc. 112, p. 5.  Chiang and Yang live in Hawaii and have never resided in Arizona. *Id.*  Yang testified at his deposition that while he has the authority to manage Transpacific, he does not manage the day-to-day operations.  *Id.*

The defendants responded to the Request for Production as follows:

> Objection. Vague, unduly burdensome and overly broad as to time, scope and content of information being requested. Without waiving this objection, Defendants conducted diligent searches and have no communications to provide outside of what has already been disclosed and produced in this matter.

*Id.*

Furnas objects to this response because "the response fails to provide any details regarding the search that was conducted."  Doc. 112, p. 13.  She suspects that a diligent search has not been conducted because, during his deposition, Yang "essentially admitted that he had not searched his work email and did not know how to conduct an appropriate search."  *Id.*   She moves that the court "order that someone other than Yang search all of Yang's relevant accounts and devices," "order the Corporate Defendants to determine whether Yang still has

access to the phone he used while Caceres was employed by Transpacific," and order the Corporate Defendants "to provide a declaration detailing the search." *Id*.

In their response, the defendants explain that Furnas's suspicions are unfounded. Doc. 114, pp. 9-10. It is true that Yang did not know how to conduct an email search prior to his deposition. *Id*. But afterwards, counsel provided him with instructions. *Id*. He then searched his personal email for communication with and about Jesus Caceres, and he found nothing. *Id*. He also searched his cell phone for communications with Caceres and found nothing. *Id*.

Moreover, the defendants explain that Yang's failure to find any responsive emails or texts is not surprising. All of the other witnesses in the case stated that if they wanted to communicate with Yang, they did so in a phone call, not a text or email. *Id*. Furthermore, the defendants have previously explained to Furnas that their email system was damaged and many emails from 2023 were lost. Doc. 114, p. 10. Apparently, this problem was discussed during the deposition of Bob Farrell who answered ten pages of questions about the defendants' attempts to retrieve emails from the system. *Id*.

The court has no reason to doubt counsel's representation that a diligent search was made of Yang's relevant accounts and devices.

Furnas served the defendants with her Request for Production 22 on January 13, 2026. Doc. 112, p. 11. The Request reads as follows:

> Please produce all communications about Jesus Caceres. "Communications" means notes, letters, emails, voicemails, texts, Facebook messages, and all other written communications of any kind.

Doc. 112, p. 14. The defendants' response reads as follows:

> Objection. Vague, unduly burdensome, redundant of prior requests, and overly broad as to time, scope and content of information being requested and from whom it is being sought. Defendants are unable to respond to such a request.

*Id*. Furnas argues that the defendants should be able to respond to the request because they responded to Request for Production 8, which was similarly worded but asked for information about the plaintiff, Furnas. *Id*. Furnas explains that she "was under the impression that the

parties had reached an agreement regarding the parameters of the request during the meet and confer, but the Corporate Defendants have not supplemented their response." *Id*.

In their response to the motion, the defendants state that it would be "unnecessarily burdensome" for them to ask "every single employee of Transpacific to search their phones and computers for messages about Jesus Caceres." Doc. 114, p. 11. Nevertheless, they agree with Furnas that they agreed to request information from the individuals deposed in this case. *Id*. And while John Yang and Kristen Law have no communications to disclose, Kevin Young found some text messages that are attached to the response brief. *Id*.

It appears that the parties have discussed this issue and reached an agreement with which the defendants have complied.

Deposition of Juanita Miller

Furnas further moves that this court grant her permission to depose Juanita Miller after the discovery deadline. Doc. 112, p. 3. Furnas's counsel maintains that she first spoke with Miller after the discovery cut-off date. Doc. 112, p. 3. Miller was a former female tenant and reports that she "was sexually assaulted and/or sexually harassed by Caceres" and that she "complained about Caceres' harassment to a property manager, but that nothing was ever done." *Id*.

The defendants argue that the deposition should not be allowed because they had no prior notice of the name of this witness. Doc. 114, pp. 11-12. They assert that Miller was known to Furnas before the close of discovery, but she was not disclosed. *Id*.

Furnas's motion essentially asks the court to modify the scheduling order. Fed.R.Civ.P. 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" means that the "scheduling deadlines cannot be met despite the party's diligence." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*. "If that party was not diligent, the inquiry should end." *Id*.

- 7 -

Furnas asserts generally that she has been diligent but she has been hampered by the defendants' failure to timely comply with discovery. Doc. 106, p. 2; Doc. 112, p. 5. Apparently, some of this delay may be due to the fact that "there has been a lot of personnel changes" at Transpacific. Doc. 114, pp. 5-6. And some may be related to the defendants' computer problems. Doc. 114, p. 6. Apparently, Transpacific "changed from ADP to Paylocity on January 1, 2022" and "employment information and documents from before that date" were lost. Doc. 114, p. 6. In a separate event, "emails from 2023 were lost and many cannot be recovered." Doc. 114, p. 6, Doc. 117, p. 5.

On December 2, 2025, the court granted the parties' joint motion to amend the scheduling order extending the discovery deadline to February 13, 2026. Doc. 92, p. 2. At some time between mid-January 2026 and early February, Furnas deposed Kevin Mills. Doc. 106, p. 2. It appears that Furnas found out about Juanita Miller at this deposition. Doc. 106, p. 2. On February 13, 2026, Furnas filed a motion asking for permission to file a discovery motion after the close of discovery. Doc. 106. The court granted that motion on March 2, 2026, and on March 13, 2026, Furnas filed the pending discovery motion asking for permission to depose Miller after the discovery deadline. Docs. 108, 112.

The court finds that Furnas has been diligent and there is good cause for extending the discovery deadline to allow her to depose Juanita Miller.

IT IS ORDERED THAT the plaintiff's motion to compel discovery and for an order permitting a deposition after the discovery deadline, filed on March 13, 2026, is Granted-in-Part. Doc. 112.

The corporate defendants must disclose the names and contact information for those property managers who worked between 2020 and 2023 at the same properties where Caceres worked and for those property managers who worked between 2020 and 2023 at the same properties where the two former female tenants lived. Disclosure must be accomplished within 10 days after this order is issued.

The discovery deadline will be extended to a date 30 days after this order is issued for the purpose of allowing Furnas to depose Juanita Miller.

DATED this 14th day of May, 2026.

Honorable Michael A. Ambri
United States Magistrate Judge